## Case No. 10,723.

### In re PARKER et al.

### [1 Pa. Law J. (1842) 370.]

### Circuit Court, E. D. Pennsylvania.

BANKRUPTCY—DEBTS OF FIDUCIARY CHARACTER—DISCHARGE—WHO MAY OPPOSE.

[1. If a voluntary applicant for the benefit, &c., owe a debt created in consequence of defalcation as a public officer, or as an executor, administrator, guardian, or trustee, or while acting in any other fiduciary capacity, he cannot be discharged under the act, even though, besides the fiduciary debt, he may owe other debts not of a fiduciary character.]

[2. But the right to object to a discharge is given for the benefit of the party injured, whose interest it may be not to oppose the discharge. If, therefore, such party do not make objection, no other person can.]

The first section of the bankrupt law enacts, "that all persons whatsoever, &c., owing debts which shall not have been created in consequence of a defalcation as a public officer, or as executor, &c., &c., or while acting in any other fiduciary capacity," shall be entitled, &c. The applicants in this case owed some debts which it was admitted were of an ordinary character, but among their debts was likewise one which had been created while acting in a fiduciary capacity. The clause of the act in question, has received different constructions. In one district it has been held that where a debtor owes fiduciary and other debts, he may receive a limited discharge, i. e., a discharge from all debts except those of a fiduciary character. In another district, that though a certificate, general in its terms, would be given, yet that even such a discharge would not be a bar to a suit on the fiduciary debt. In consequence of the obscurity of the language of the enactment, and this diversity of decision, his honor, Judge Randall, adjourned the question into the circuit court in the following form: "Admitting the debt to be fiduciary, are the petitioners entitled to the benefit of the act?" [Case No. 10,722.]

The case was argued, at length, by H. D. Gilpin, Esq., against the right to a discharge, and by Mr. McIlvaine on the other side. The latter gentleman, relying principally on the words of the act [of 1841 (5 Stat. 440)], "owing debts which shall not have been contracted, &c., while in a fiduciary capacity," contended that as the petitioner owed debts of an ordinary sort as

well as one of a fiduciary character, that their case came within the language of the act, and that they were accordingly entitled to a discharge. But the court decided otherwise.

BALDWIN, Circuit Justice, said that, evidently, the law meant to make some discrimination between the two classes of debtors; but that if a debtor owing debts created by breach of fiduciary duty, could, by merely contracting another debt not of that character, bring himself on a footing with the honest debtor, the provision of the law was practically without power; that the first section derived some light from the fourth section, which, in the proceeding by the creditor, deprived a debtor of a certificate of discharge, in case, after the passage of the act, he shall have applied "trust funds of his own use," and that on the whole, the object of the law, the interest of pecuniary morals, as well as sound public policy, forbade the court, unnecessarily, to give to the law a construction which extended to the public defaulter, and to the violator of private trusts, the humane privileges deserved by none but the meritorious. The court was clear, that there could be no such thing as either a partial certificate, or a general certificate with a partial effect; for that by the terms of the act (section 4), the discharge when duly granted, is "a full and complete discharge of all debts, contracts, and other engagements of such bankrupt, which are provable under the act; and shall be and may be pleaded as a full and complete bar to all suits brought in any court of judicature whatever." The answer to the question propounded by the district court, accordingly, was, that such petitioner is excluded from the benefit of the act, if the public or any fiduciary creditor oppose the decree.

NOTE. In Case of McCrea [unreported], Judge Randall stated that the court considered in the foregoing case, that the party injured was the person for whose benefit this provision was made, and that therefore such party was the only one who could oppose the application: that, accordingly, if thinking it more for his benefit to waive opposition, such party chose to do so, other creditors could not make the objection.